UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

SETH D. HARRIS, ACTING SECRETARY OF LABOR,[*] UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.

BLOOM ENERGY CORPORATION, a corporation,

    Defendant.

Case No. 13-cv-00259-LHK

**CONSENT JUDGMENT AND ORDER**

WHEREAS Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, ("Secretary") will file her Complaint; and Defendant, BLOOM ENERGY CORPORATION, a Delaware corporation doing business in California, hereby acknowledges receipt of a copy of the Complaint, waive service of process, its Answer, any defense to the Complaint, further findings of fact and conclusions of law, and agrees to the entry of this Judgment without contest;

It is, therefore, upon motion of the attorneys for the parties, and for cause shown:

(1) ORDERED that Defendant, its officers, agents, servants, and employees and all persons acting or claiming to act on its behalf and interest be, and hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11, 15(a)(2), 15(a)(3), and 15(a)(5) of

---

[*] Seth D. Harris was appointed as Acting Secretary of Labor on January 24, 2013. Pursuant to Fed. R. Civ. P. 25(d) the caption has been changed to reflect the appointment.

CONSENT JUDGMENT AND ORDER - PAGE 1 OF 7
CASE NO. 13-CV-00259-LHK

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 7th Street, Suite 3-700
Telephone: (415) 625-7751
Facsimile: (415) 625-7772

the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-19, ("the Act") in the following manner:

    (a)    Defendant shall not, contrary to sections 6 and 15(a)(2) of the Act, pay any of its employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act).

    (b)    Defendant shall not, contrary to Sections 7 and 15(a)(2) of the Act, employ any of its employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

    (c)    Defendant shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, fail to make, keep, and preserve records, as prescribed by the regulations promulgated under Section 11(c) of the Act and found at 29 C.F.R. Part 516, showing employees' hours worked each workday and each workweek, the regular rate of pay, the basis upon which wages are paid, the total straight time earnings for each workweek, the total overtime excess compensation, the nature and amount of each deduction made each workweek, and other relevant identifying information pertaining to the employee, with respect to each of its employees.

    (d)    Defendant shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to Defendant or to someone else for Defendant, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment and Order or the Act; nor shall Defendant accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 7th Street, Suite 3-700
Telephone: (415) 625-7751
Facsimile: (415) 625-7772

the provisions of this Consent Judgment and Order or the Act; nor shall Defendant discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendant under the provisions of this Consent Judgment and Order or the Act.

(e) Defendant shall not, contrary to section 15(a)(3) of the Act, discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any employee because such employee has or is believed to have filed any complaint or instituted or caused to be instituted any proceeding under the FLSA or has provided information to the Department of Labor in any such proceeding.

(2) IT IS FURTHER ORDERED that Defendant shall cooperate with the Secretary in any future investigation, whether of Defendant or of any employee leasing operation that has provided employees to Defendant.

(3) IT IS FURTHER ORDERED that the Secretary shall recover from Defendant directly or indirectly the sum total of $63,845.02, which represents the $31,922.51 in unpaid compensation found to be due to Defendant's workers as listed and allocated in the attached Exhibit A plus an equal amount in liquidated damages. Defendant shall satisfy the payment obligation under this paragraph in either of the following alternate manners;

(a) By payment by certified or cashier's check of the amount specified above to "U.S. Department of Labor." The parties represent that said payment was delivered to a representative of the U.S. Department of Labor concurrently with this Consent Judgment and Order signed by Defendant. The Secretary shall distribute the back wages and liquidated damages paid by Defendant directly or indirectly under this Consent Judgment and Order to the employees identified in Exhibit A or their estates if that is necessary. Any money not so paid within three years because of inability to locate the employees or because of their refusal to accept the proceeds shall be deposited with the Treasury of the United States pursuant to 28 U.S.C. § 2041. Defendant shall obtain and provide to the U.S. Department of Labor workers' payroll and contact information. Defendant will remain responsible for ensuring the computation and payment of all relevant employer taxes,

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 7th Street, Suite 3-700
Telephone: (415) 625-7751
Facsimile: (415) 625-7772

including any applicable federal, state or local taxes.

(b) By payment of the amount specified above directly to the employees listed in Exhibit A in the amounts specified therein. Defendant must provide satisfactory proof that the required payments were made to each employee no later than ten (10) days of the entry of this Consent Judgment and Order. Defendant shall supply workers' payroll and contact information to the U.S. Department of Labor. Defendant will remain responsible for computing and paying all relevant employer taxes, including any applicable federal, state, or local taxes.

(4) IT IS FURTHER ORDERED that the Secretary shall recover from Defendant directly or indirectly the amount of $6,160.00 in Civil Money Penalties assessed by the U.S. Department of Labor under 29 C.F.R. Part 579 for Defendant's violations of Sections 6 and 7 of the Act. Defendant acknowledges and hereby waives its right to a hearing before the U.S. Department of Labor Office of Administrative Law Judges on these assessed Civil Money Penalties. Payment shall be made by certified check payable to "U.S. Department of Labor." The parties represent that said payment was delivered to a representative of the U.S. Department of Labor concurrently with this Consent Judgment and Order signed by Defendant.

(5) IT IS FURTHER ORDERED that no later than March 1, June 1, September 1, and December 1 of each year from 2013 through 2014 inclusive, Defendant shall prepare a written report of compliance with the Act and the regulations promulgated under the Act. Upon request, Defendant shall make such reports available to the Wage and Hour Division within five (5) business days.

(6) IT IS FURTHER ORDERED that within ten (10) calendar days of the entry of this Consent Judgment and Order, Defendant shall:

(a) Post a copy of the below *Notice of Employee Rights* in English and Spanish at each of Defendant's establishments, to be posted for no less than one year; and

(b) Provide a copy the below *Notice of Employee Rights* in English and Spanish to all individuals working at each of Defendant's establishments, and to all new employees when hired.

**Notice of Employee Rights**
The U.S. Department of Labor conducted an investigation of BLOOM ENERGY CORPORATION and determined that, at times during the period between November 21,

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 7th Street, Suite 3-700
Telephone: (415) 625-7751
Facsimile: (415) 625-7772

2010 and November 20, 2012, workers were not paid the minimum wage and overtime wages required by the Fair Labor Standards Act. The Fair Labor Standards Act requires an employer to pay employees a minimum wage for all hours worked and a time-and-a-half overtime rate for all hours over 40 worked per week. The Fair Labor Standards act also prohibits an employer from firing or otherwise retaliating against an employee for making a complaint or cooperating with the Department of Labor.

BLOOM ENERGY CORPORATION has voluntarily agreed to be responsible for the payment of the minimum wage and overtime wages owed employees plus an equal amount in damages, and pay penalties imposed by the Department of Labor. BLOOM ENERGY has also agreed to voluntarily take other steps to ensure its future compliance with the Fair Labor Standards Act.

If you think you are not being paid in accordance with the law or that you have suffered discrimination or retaliation based on your cooperation, or believed cooperation, with the U.S. Department of Labor, call the U.S. Department of Labor, Wage and Hour Division, at (866)-487-9243. Your name will be kept confidential.

**Aviso Legal Sobre los Derechos de los Empleados**

El Departamento De Trabajo de EEUU División de Horas y Salarios llevó a cabo una investigación de BLOOM ENERGY CORPORATION, y determinó que a veces entre el 21 de noviembre de 2010 y el 20 de noviembre de 2012, la compañia no pagó a los trabajadores el sueldo mínimo y el sobre tiempo que manda la Ley de Normas Razonables de Trabajo. La Ley de Normas Razonables de Trabajo requiere que se les debe de pagar a todos los empleados el sueldo mínimo por todas las horas que ellos trabajen y un sueldo de tiempo y medio por todas las horas por encima de 40 que trabajen en una semana. La Ley de Normas Razonables de Trabajo también prohibe a un empleador despedir o en cualquier manera discriminar en contra de un empleado por archivar una queja o dar asistencia al Departamento de Trabajo.

BLOOM ENERGY CORPORATION voluntariamente está de acuerdo a pagar los sanciones y los sueldos atrasados y una suma similar en concepto de daños más las multas calculadas por el Departamento De Trabajos. BLOOM ENERGY también voluntariamente ha comprometido a tomar otros pasos para cumplir con La Ley de Normas Razonables de Trabajo.

Si usted piensa que el empleador no le está pagando de acuerdo a lo que la ley requiere, o que ha sufrido represalias basadas en su asistencia real o percibida al Departamento de Trabajo, llame al Departamento de Trabajo al (866)-487-9243. Su llamada será confidencial.

(7) IT IS FURTHER ORDERED that the filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment and Order shall not act as or be asserted as a bar to any action under Section 16(b) of the Act, 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any employee named on the Exhibit A for any period not specified herein for the back wage recovery provisions.

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 7th Street, Suite 3-700
Telephone: (415) 625-7751
Facsimile: (415) 625-7772

(8)  IT IS FURTHER ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including for purposes of any costs or fees which might be available under the Equal Access to Justice Act.

(9)  IT IS FURTHER ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order

DATED this 30th day of January, ~~2012~~. 2013

The Clerk shall close the file.

*Lucy H. Koh*
UNITED STATES DISTRICT JUDGE

Dated: 1/14/13.

Dated: 1/16/13

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

JAY J. WANG
Fox, Wang & Morgan P.C.

JAN M. COPLICK
Senior Trial Attorney

BENJAMIN BOTTS
Trial Attorney

Attorneys for
BLOOM ENERGY CORPORATION

Attorneys for U.S. Department of Labor

CONSENT JUDGMENT AND ORDER - PAGE 6 OF 7

CASE NO. 13-CV-00259-LHK

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 7th Street, Suite 3-700
Telephone: (415) 625-7751
Facsimile: (415) 625-7772

# EXHIBIT A

| Name | Back Wages | Liquidated Damages |
|---|---|---|
| Corral Ruiz, Sergio | $1,066.39 | $1,066.39 |
| Enrique Herrera, Miguel Angel | $2,503.60 | $2,503.60 |
| Esqueda Cano, Sergio Humberto | $6,179.62 | $6,179.62 |
| Gonzalez, Teodoro | $2,568.13 | $2,568.13 |
| Hernandez, Quinteros Carlos | $910.66 | $910.66 |
| Hernandez Ramos, Jesus Manuel | $612.14 | $612.14 |
| Luna Leon, Jesus Manuel | $1,186.06 | $1,186.06 |
| Erasmo, Montanez Barrera | $1,175.90 | $1,175.90 |
| Ramirez Reyes, Hector Manuel | $2,530.52 | $2,530.52 |
| Reyes Castillo, Saul | $6,603.57 | $6,603.57 |
| Romero Chavez, Erick | $2,514.91 | $2,514.91 |
| Romero Chavez, Mario Alberto | $1,222.83 | $1,222.83 |
| Rosas Villava, Mario | $1,823.07 | $1,823.07 |
| Torres Morales, Marco Antonio | $1,025.11 | $1,025.11 |

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 7th Street, Suite 3-700
Telephone: (415) 625-7751
Facsimile: (415) 625-7772